## **EXHIBIT A**

**Gwinnett State Court Pleadings**

**CAFN: 25-C-007983-S7**

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

7/10/2025 1:21 PM

TIANA P. GARNER, CLERK

**General Civil and Domestic Relations Case Filing Information Form**

☐ Superior or ☒ State Court of  Gwinnett State Court   County

| For Clerk Use Only | |
|---|---|
| **Date Filed** _____ | **Case Number** _____ |
| MM-DD-YYYY | 25-C-07983-S7 |

**Plaintiff(s)**
Noah Fowler

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Defendant(s)**
Gwinnett County, Georgia

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Jacob Altman

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

Brian Doan

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

| Last | First | Middle I. | Suffix | Prefix |
|---|---|---|---|---|

**Plaintiff's Attorney** David Hollifield    **State Bar Number** _____    **Self-Represented** ☐

**Check one case type and one sub-type in the same box (if a sub-type applies):**

**General Civil Cases**
- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**
- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____    _____
**Case Number**    **Case Number**

☒ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____    **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7

7/10/2025 1:21 PM

TIANA P. GARNER, CLERK

## THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| **vs.** | ) | 25-C-07983-S7 |
| | ) | |
| GWINNETT COUNTY, GEORIGA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

## COMPLAINT FOR DAMAGES

Plaintiff Noah Fowler ("Plaintiff"), through counsel, files this Complaint for damages and shows the Court as follows:

## I. JURISDICTION & VENUE

1.     This Court has subject-matter jurisdiction pursuant to Article VI, § III, Para. I of the Georgia Constitution and O.C.G.A. § 15-7-2 & 51-1-1 because the claims sound in tort and the amount in controversy exceeds the jurisdictional minimum of this Court.

2.     Venue is proper as to Defendant Gwinnett County under O.C.G.A. § 33-36-1 and O.C.G.A. § 9-10-30 because Gwinnett County is a political subdivision of Georgia, the tortious acts giving rise to Plaintiff's claims occurred within Gwinnett County, and Gwinnett County maintains liability insurance coverage applicable to Plaintiff's claims, waiving sovereign immunity under O.C.G.A. § 36-33-1.

## II. PARTIES

3.      Plaintiff Noah Fowler is a resident citizen of Gwinnett County, Georgia, and was at all material times an on-duty sworn police officer employed by the Lawrenceville Police Department.

4.      Defendant Gwinnett County is a political subdivision of the State of Georgia and operates the Gwinnett County Police Department. Gwinnett County is responsible for the training, supervision, and oversight of its employees, including police K-9 handlers. Gwinnett County may be served with process through Nicole Love Hendrickson, Chairwoman of the Gwinnett County Board of Commissioners at 75 Langley Drive, Lawrenceville, Georgia 30046.

5.   Defendant Jacob Altman is sued in his individual capacity, is a resident of Barrow County, Georgia and may be served with process at 402 Birchfield Dr, Statham, Georgia 30666.

6.   Defendant Brian Doan is sued in his individual capacity, is a resident of Walton County, Georgia, and may be served with process at 1371 Alcovy Station Rd, Covington, Georgia 30014.

7.   John Does 1-3 are individuals or entities whose true names and capacities are presently unknown despite diligent inquiry. Each owed duties of ordinary care described below and proximately caused Plaintiff's injuries.   Plaintiff will substitute the true names upon discovery. See O.C.G.A. § 9-11-10(a).

### III. FACTUAL ALLEGATIONS

8.    On March 9, 2024, Plaintiff was patrolling in Lawrenceville, Gwinnett County, Georgia, when he attempted a roadside stop of a suspect.    The suspect abandoned his bicycle, vaulted down an embankment beneath a railroad bridge, and fled on foot.

9.    Plaintiff requested assistance from Gwinnett County Police Department K-9 Unit – Defendant Altman and his K-9 "Mako" took lead on tracking the suspect.

10.    Upon arrival, K-9 team supervisor Defendant Doan made a statement to Plaintiff suggesting that Defendant Doan was aware of K9 Mako's vicious propensity to attack innocent bystanders unprovoked.

11.    After a futile track, contaminated by at least 5 other officers, K-9 Mako ran past its handler, Defendant Altman, displayed obvious aggression, and attacked Plaintiff.

12.    K-9 Mako latched its teeth into Plaintiff's thigh, dragging Plaintiff to the ground while Plaintiff screamed in pain.

13. Defendant Altman failed to maintain positive control over K-9 Mako and failed to recall or restrain K-9 Mako in a timely manner.

14. The bites from K-9 Mako penetrated Plaintiff's duty uniform pants and flesh, requiring emergent medical treatment at a hospital. Plaintiff incurred medical bills, permanent scarring, pain, and emotional distress.

15. Gwinnett County Police personnel thereafter spread false rumors that Plaintiff intended to "sue the County" and, in retaliation, withheld K-9 and aviation mutual-aid services from the Lawrenceville Police Department and other outside agencies, undermining Plaintiff's career. Facing escalating harassment and retaliation, Plaintiff resigned his law-enforcement position with Lawrenceville Police Department.

16. Defendant Doan and other K-9 supervisors knew, or in the exercise of ordinary care should have known, that K-9 Mako (and other unit dogs) had a documented history of bad bites on non-combatants and non-suspects, but they nevertheless retained the dog in service without adequate retraining, safeguards, or handler remediation.

17. Plaintiff was faultless with respect to both the K-9 attack and the retaliatory acts; all injuries and damages were proximately caused by Defendants' negligence and willful misconduct.

18. Gwinnett County has purchased and maintains liability insurance coverage applicable to incidents involving negligence by County police officers, including K-9 handlers. This insurance policy covers claims arising from injuries and damages such as those suffered by Plaintiff, thereby waiving Gwinnett County's sovereign immunity to the extent of coverage limits pursuant to O.C.G.A. § 36-33-1.

## IV. CAUSES OF ACTION

## COUNT I — NEGLIGENCE OF DEFENDANT GWINNETT COUNTY

19.    Plaintiff realleges paragraphs 1 through 18 as if fully restated herein.

20.    Gwinnett County, through its Police Department and supervisory personnel, owed Plaintiff a duty of care to ensure adequate training, supervision, and oversight of its police K-9 handlers and dogs, including the enforcement of policies, customs, and practices designed to protect fellow officers and the general public from harm.

21.    Gwinnett County breached this duty by failing to adequately supervise and train K-9 handlers, including Defendant Altman. Gwinnett County further breached its duty by failing to remove, suspend, or adequately retrain K-9 Mako despite documented knowledge of the dog's prior aggressive behavior, by allowing a known dangerous K-9 to remain in active service without proper safeguards or remediation, and by failing to enforce policies to prevent foreseeable harm from K-9 deployment. Gwinnett County continues to breach that duty by still maintaining Officer Altman and K9 Mako as an active K-9 team.

22.    Gwinnett County also breached its duty of care by engaging in retaliatory actions against Plaintiff after he suffered injuries inflicted by the County's K-9, causing Plaintiff severe emotional distress, career harm, and ultimately forcing Plaintiff's resignation from employment.

23.    Gwinnett County's negligent acts and omissions were the direct and proximate cause of Plaintiff's physical injuries, emotional distress, lost wages, permanent impairment, and other damages as outlined herein.

24.    By virtue of the liability insurance coverage it purchased, Gwinnett County has waived its sovereign immunity for these tort claims up to the limits of the applicable policy, making Plaintiff a direct beneficiary of such coverage and entitled to recover damages accordingly.

**COUNT II — NEGLIGENCE OF DEFENDANT ALTMAN**

25.    Plaintiff realleges paragraphs 1-24.

26.    As K-9 Mako's handler, Defendant Altman owed Plaintiff a duty of ordinary care to not deploy K9 Mako knowing that Mako had a propensity to bite innocent bystanders. Defendant also owed an ordinary duty of care to maintain positive control of the dog, to prevent foreseeable harm, and to comply with Gwinnett County Police Department and K9 Unit minsterial policies and procedures as well as accepted police-canine training customs and standards.

27.    Defendant Altman breached those duties by deploying K-9 Mako knowing he was dangerous to innocent bystanders and also by failing to maintain positive control, recall, or otherwise restrain K-9 Mako, allowing the known dangerous dog to attack a fellow officer.

28.    Defendant Altman's breach and negligent performance of ministerial duties directly and proximately caused Plaintiff's physical injuries, pain and suffering, medical expenses, lost wages, and other damages in an amount to be proven at trial.

**COUNT III — NEGLIGENT HIRING, TRAINING, & RETENTION**

29.    Plaintiff realleges paragraphs 1-20.

30.    Defendant Doan, as K-9 Unit supervisor, owed duties to hire competent handlers, train them adequately, and retrain or remove dangerous dogs and deficient handlers.

31. Defendant Doan negligently failed to comply with and enforce Gwinnett County Police Department ministerial policies and customs which would have prevented this attack from occurring.

32.    Defendant Doan knew or should have known of prior wrongful bites by K-9 Mako and of Altman's inability to maintain control, yet failed to act, displaying conscious indifference to the safety of fellow officers and civilians alike.

33.  Defendant Doan's negligent performance of ministerial duties was a proximate cause of Plaintiff's injuries and damages.

## COUNT IV — NEGLIGENCE OF JOHN DOES 1-3

34.  Plaintiff realleges paragraphs 1-24.

35.  John Does 1-3  as members of leadership within Gwinnett County Police Department negligently established, enforced, or failed to enforce customs, policies, and practices governing K-9 operations that were unsafe and contrary to generally accepted standards, thereby endangering officers and the public.

36.  Defendants failed to properly document all K9 "Use of Force" incidents.

37. Defendants's negligence and negligent performance of ministerial duties proximately caused or contributed to Plaintiff's injuries and damages.

## V. DAMAGES

30.  As a direct and proximate result of Defendants' conduct, Plaintiff seeks recovery of:

1.  Past and future medical expenses;

2.  Past and future lost wages and diminution of earning capacity;

3.  Past and future pain and suffering;

4. Permanent disfigurement and scarring;

5. Emotional distress and mental anguish;

6. Special damages in an amount to be shown at trial; and,

7. Litigation expenses and attorneys' fees under O.C.G.A. § 13-6-11 due to Defendants' bad

   faith and stubborn litigiousness.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment in Plaintiff's favor on all Counts;

(b) Award compensatory and special damages in an amount to be determined by a jury;

(c) Award pre- and post-judgment interest as allowed by law;

(d) Award costs of suit and attorneys' fees under O.C.G.A. § 13-6-11; and

(e) Grant such further relief as the Court deems just and proper.

(f) That all issues be tried before a jury.

Respectfully submitted this 10th day of June, 2025.

**THE ROTH FIRM, LLC.**

/s/ ***David A. Hollifield***

6120 Powers Ferry Road NW          David Hollifield
Suite 630                          Attorney for Plaintiff
Atlanta, Georgia 30339             Georgia Bar No.: 391417
(404) 905-9134

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7

7/10/2025 1:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Noah Fowler**
_____

_____

_____

PLAINTIFF

CIVIL ACTION
NUMBER:_____    25-C-07983-S7

VS.

**Gwinnett County, Georgia**

**Jacob Altman individualls, and**

**Brian Doan Individually**

DEFENDANT

Brian Doan
1371 Alcovy Station Road
Covington, Georgia 30014

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David A. Hollifield
6120 Powers Ferry Road, NW
Suite 630
Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This __10th__ day of __July__, 20__25__.

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7
7/10/2025 1:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Noah Fowler**

_____

_____

PLAINTIFF

VS.

**Gwinnett County, Georgia**

**Jacob Altman individualls, and**

**Brian Doan Individually**

DEFENDANT

CIVIL ACTION
NUMBER: _____    25-C-07983-S7

Gwinnett County, Georgia
Gwinnett County Board of Commissioners
Chairwoman Nicole Love Hendrickson
75 Langley Drive
Lawrenceville, GA 30046

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David A. Hollifield
6120 Powers Ferry Road, NW
Suite 630
Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **10th** day of **July**, 20**25** .

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7

7/10/2025 1:21 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY

### STATE OF GEORGIA

**Noah Fowler**

PLAINTIFF

CIVIL ACTION
NUMBER: _____  25-C-07983-S7

VS.

**Gwinnett County, Georgia**

**Jacob Altman individualls, and**

**Brian Doan Individually**

DEFENDANT

Jacob Altman
402 Birchfield Drive,
Statham, Georgia 30666

### SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

David A. Hollifield
6120 Powers Ferry Road, NW
Suite 630
Atlanta, Georgia 30339

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **10th** day of **July**, 20 **25**.

Tiana P. Garner
**Clerk of State Court**

By _____
**Deputy Clerk**

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**7/10/2025 1:21 PM**
TIANA P. GARNER, CLERK

# THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| | ) | 25-C-07983-S7 |
| **vs.** | ) | |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

## <u>PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS</u>

COMES NOW, Noah Fowler, Plaintiff herein, and requests pursuant to O.C.G.A. § 9-11-36 that you hereby answer, in the form provided by law, the following Requests for Admission:

1. K-9 Mako previously bit unintended individuals.

2. Other K-9s from within Gwinnett County Police Department have previously bit unintended individuals.

3. Gwinnett County was aware of K-9 Mako's dangerous propensities.

4. Defendant Altman failed to maintain control of K-9 Mako on March 9, 2024.

5. Plaintiff was not at fault for the K-9 bite.

6. Gwinnett County Police Department start withholding mutual aid to outside agencies after Plaintiff's incident.

7. Defendant Doan knew of previous improper bites involving K-9 Mako.

8. Defendant Doan has also handled a K-9 for Gwinnett County Police Department when the dog in his control attacked an innocent unintended victim.

9.  No disciplinary action was taken against Defendant Altman prior to this incident.

10. Gwinnett County maintains insurance coverage relevant to these claims.

11. Plaintiff penetrating injuries requiring medical treatment.

12. K-9 Mako required retraining prior to Plaintiff's incident.

13. Defendant Altman was inadequately trained as a K-9 handler.

14. Defendant Altman was improperly training K-9 Mako prior to Plaintiff's incident.

15. K-9 Mako was improperly deployed at the scene.

16. Gwinnett County Police Department had no clear policies to prevent bites to officers.

17. Defendants retaliated against Plaintiff following the incident.

18. No corrective actions were taken immediately after the incident.

19. The incident was preventable by reasonable measures.

20. Plaintiff's resignation was directly related to retaliation following this incident.

21. Plaintiff's injuries resulted in permanent scarring and pain.

Respectfully submitted this 10th day of July, 2025

**THE ROTH FIRM, LLC.**


    /s/ David A. Hollfield_____
6120 Powers Ferry Road NW          David Hollifield
Suite 630                          Attorney for Plaintiff
Atlanta, Georgia 30339             Georgia Bar No.: 391417
(404) 905-9134

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7

7/10/2025 1:21 PM
TIANA P. GARNER, CLERK

# THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) |      25-C-07983-S7 |
| **vs.** | ) | |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

## PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GWINNETT COUNTY, GEORGIA

COMES NOW, Noah Fowler, Plaintiff in the above-styled action, and pursuant to O.C.G.A. § 9-11-34, requests the defendant to produce any and all documents and tangible items described below. Said documents and tangible items shall be produced at the law offices of The Roth Firm, L.L.C., 6120 Powers Ferry Rd NW, Suite 630, Atlanta, Georgia 30339, there to permit the inspection, photocopying and photographing of the foregoing materials.

For your convenience, in lieu of producing documents (excluding such tangible items such as photographs) described below, you may photocopy said documents and mail them to the undersigned within the time allowed by law, together with a certification, to-wit: "The documents so furnished constitute true, correct and complete copies of all of the documents requested," clearly noting and identifying any exception.

As used herein the term "documents(s)" shall be defined as follows: Every writing, printing, record, graphic, photographic, or sound reproduction of every type and description that is in your possession, control or custody and which was prepared during or refers to the relevant

time as defined below, including but not limited to correspondence, contracts, memoranda of agreements, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, books of account, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase orders, reports, studies, surveys, charts, analyses, publications, books, pamphlets, periodicals, catalogues, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and print-outs, photographs, drawings, films, pictures, voice recordings; every copy of such writing or record where the original is not in your possession, custody or control; and every copy of every such writing or record where such copy contains any commentary or notation whatsoever that does not appear on the original.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

The documents and tangible items requested are as follows:

1. All incident reports involving K-9 Mako.

2. All K-9 training records and certifications for K-9 Mako.

3. All Policies related to K-9 handling, deployment, control, and use-of-force.

4. All Employment files for Defendant Jacob Altman and Defendant Brian Doan.

5. All documents pertaining to all improper or excessive K-9 bites that occurred with Gwinnett County Police Department from 2020 to present.

6. Internal communications regarding the subject incident.

7. Emails or written communication mentioning Plaintiff post-incident.

8. Documentation of all K-9 unit training procedures and re-training procedures.

9. All internal investigation records regarding the subject incident.

10. Documentation regarding the discontinuation of mutual aid to outside agencies.

11. All insurance policies related to liability coverage.

12. Records of previous disciplinary actions involving K-9 handlers from 2020 - present.

13. Reports documenting K-9 bites from 2020 - present.

14. Records of legal claim and lawsuits made against Gwinnett County, Gwinnett County Police Department, or any of it's employees pertaining to wrongful or excessive K-9 bites from 2020 - present.

15. Training materials provided to K-9 handlers.

16. Surveillance or body camera video of the incident.

17. Personnel evaluations for Defendant Altman and Defendant Doan (2020-present).

18. Photographs of Plaintiff's injuries.

19. Medical reports or first aid provided after the incident.

20. Records of remedial actions following prior K-9 bites.

21. Records of remedial actions for Defendant Altman and Defendant Doan following the subject incident.

22. Records of any payments made to cover medical expenses incurred by Plaintiff for injuries he sustained from the subject incident.

23. Documentation of any retaliatory acts alleged in Complaint to include communications between any member of Gwinnett County Police Department and outside agencies regarding whether or not Plaintiff may sue the County, as well as correspondence regarding outside agencies requesting aid and that aid being denied.

Respectfully submitted, this 10th day of July, 2025
*(signature on following page)*

THE ROTH FIRM, LLC.

6120 Powers Ferry Road NW
Suite 630
Atlanta, Georgia 30339
(404) 905-9134

/s/ David A. Hollifield
David A. Hollifield
Attorney for Plaintiff
Georgia Bar No.: 391417

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7

7/10/2025 1:21 PM

TIANA P. GARNER, CLERK

# THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| **vs.** | ) | 25-C-07983-S7 |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BRIAN DOAN

COMES NOW, Noah Fowler, Plaintiff and hereby request that Defendant Brian Doan,

answer under oath the following interrogatories, as provided by O.C.G.A. § 9-11-26, and to furnish

a copy of the answers to Plaintiff's attorney at 6120 Power's Ferry Rd NW, Suite 630 Atlanta,

Georgia 30339.

## NOTES AND DEFINITIONS

**NOTE A**:  These interrogatories refer to an incident that occurred on or about March 9,

2024, in Lawrenceville, Gwinnett County, Georgia involving Plaintiff being attacked by a K9

(hereinafter "incident" or "subject incident"). which was supervised by Defendant Doan.

**NOTE B**:  These interrogatories shall be deemed continuing so as to require supplemental

answers if you or your attorneys obtain further information between the time answers are served

and the time of trial pursuant to O.C.G.A. § 9-11-26(3).

**NOTE C**:  When used in these interrogatories, the terms you or any synonym thereof shall

embrace and include all agents, servants, representatives, private investigators and others who are

in a position of or may have obtained information for or on behalf of Defendant.

**NOTE D**:  When used in these interrogatories, the term "witness" shall embrace and include the Plaintiff(s), the Defendant(s), each person having any personal knowledge of the incident, each person who has overheard an alleged admission made by a party, each person consulted by a party to assist that party in the preparation of his case, and each person providing a party with expert opinion and/or technical assistance regarding any aspect of the case.

**NOTE E**:  When used in these interrogatories, the term "document(s)" or "documentary evidence" shall embrace and include every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your client's possession, control or custody and which was prepared during or refers to the relevant time period of the incident and which relates to the incident, excluding those items constituting attorney work product, including but not limited to, statements by witnesses, medical reports, hospital records, repair estimates, correspondence, contracts, memoranda of agreement, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, books of account, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase order, reports, studies, surveys, charges, analyses publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and print-outs, photographs, drawings, films, pictures, voice recordings, every copy of same where the original is not in your possession, custody or control, and every copy of same where such copy contains any commentary or notations whatsoever that does not appear on the original.

## **INTERROGATORIES**

1.  Describe your supervisory responsibilities within the K-9 unit.

2.  Identify all prior reports of K-9 Mako's aggression or improper bites.

3.  Identify all prior reports of any other K-9's aggression or improper bites during your time with GCPD's K9 unit, as both a handler and as a supervisor.

4.  Describe the procedure for addressing reports of K-9 aggression.

5.  Identify all decisions made regarding retaining, suspension, or retraining K-9 Mako after prior incidents.

6.  Identify any policies regarding when a K9 or handler is to be suspended from deployment or removed from the K9 unit.

7.  List all handlers supervised by you from 2020-present.

8.  Identify any remedial training you provided or recommended for K-9 handlers before and after the subject incident.

9.  Identify any corrective actions, training, or evaluations comments you have made to or about Officer Altman in his training and performance as a K-9 handler.

10. Identify all policies regarding how handlers are to train their K-9 to include who, where, and how training should be implemented. (i.e. train with other certified K-9 handlers vs uniform officers, training locations, specific methods of training etc. , how to insure K-9s do not bite people at random.)

11. Detail your actions following reports of prior improper K-9 bites.

12. Identify any legal claim, insurance claim, or lawsuit you have been in any way named or involved in as it pertains to GCPD K-9 bites.

13. Identify any written policies or procedures governing K-9 handling and safety.

14. Describe your interactions with Altman regarding his handling performance before and after this incident.

15. State your knowledge of Altman's training deficiencies, if any.

16. Identify reports you submitted regarding this incident or K-9 Mako's previous behavior.

17. Identify any disciplinary actions initiated by you involving handlers under your supervision from 2022 to present.

18. Describe training provided to handlers under your supervision.

19. Identify all communications regarding Plaintiff's injury.

20. Describe your presence and role at the scene on March 9, 2024.

21. Identify your involvement in reviewing K-9 use-of-force incidents.

22. List any corrective actions or retraining provided to Altman before or after Plaintiff's injury.

23. Explain your understanding of why GCPD began denying assistance to outside agencies after the subject incident.

24. State whether you are aware of any policies that prevent GCPD K9 units from assisting outside agencies under any circumstances.


Respectfully submitted this 10th day of July, 2025


THE ROTH FIRM, LLC.


/s/ David A. Hollifield
David A. Hollifield
Attorney for Plaintiff
Georgia Bar No.: 391417

6120 Powers Ferry Road NW
Suite 630
Atlanta, Georgia 30339
(404) 905-9134

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**7/10/2025 1:21 PM**

TIANA P. GARNER, CLERK

# THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| **vs.** | ) | 25-C-07983-S7 |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

## PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT
## GWINNETT COUNTY GEORGIA

COMES NOW, Noah Fowler, Plaintiff and hereby request that Defendant Gwinnett County, Georgia, answer under oath the following interrogatories, as provided by O.C.G.A. § 9-11-26, and to furnish a copy of the answers to Plaintiff's attorney at 6120 Power's Ferry Rd NW, Suite 630 Atlanta, Georgia 30339.

## NOTES AND DEFINITIONS

**NOTE A**: These interrogatories refer to an incident that occurred on or about March, 2024, in Lawrenceville, Gwinnett County, Georgia involving Plaintiff being attacked by a K9 (hereinafter "incident" or "subject incident"). which was owned and handled by employees of Defendant.

**NOTE B**: These interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial pursuant to O.C.G.A. § 9-11-26(3).

**NOTE C**:  When used in these interrogatories, the terms you or any synonym thereof shall embrace and include all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for or on behalf of Defendant.

**NOTE D**:  When used in these interrogatories, the term "witness" shall embrace and include the Plaintiff(s), the Defendant(s), each person having any personal knowledge of the incident, each person who has overheard an alleged admission made by a party, each person consulted by a party to assist that party in the preparation of his case, and each person providing a party with expert opinion and/or technical assistance regarding any aspect of the case.

**NOTE E**:  When used in these interrogatories, the term "document(s)" or "documentary evidence" shall embrace and include every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your client's possession, control or custody and which was prepared during or refers to the relevant time period of the incident and which relates to the incident, excluding those items constituting attorney work product, including but not limited to, statements by witnesses, medical reports, hospital records, repair estimates, correspondence, contracts, memoranda of agreement, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, books of account, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase order, reports, studies, surveys, charges, analyses publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and print-outs, photographs, drawings, films, pictures, voice recordings, every copy of same where the original is not in your possession, custody or control, and every copy of same where such copy contains any commentary or notations whatsoever that does not appear on the original.

## **INTERROGATORIES**

1. Identify all employees or officers involved in the March 9, 2024 incident.

2. Describe all prior incidents involving improper or excessive bites by K-9 Mako whether during training, deployment, or otherwise, to include K-9 Mako biting Officer Altman, other officers within Gwinnett County Police Department,  police officers / sheriff's deputies / troopers or any other law enforcement officers from any other agencies, as well as innocent citizens, civilians, or bystanders.

3. Describe all prior incidents involving improper or excessive bites by any and all Gwinnett County Police Department K-9s from 2020 to present.

4. State the full training history and certifications of K-9 Mako.

5. Identify all policies regarding the deployment and control of K-9 units.

6. Identify whether a determination was made as to the cause of K-9 Mako attacking Plaintiff.

7. Identify what could have been done to prevent the subject incident from occurring

8. Identify what has been done to prevent similar incident from occurring in the future.

9. Identify all persons responsible for oversight of K-9 operations from 2020 to present.

10. List all reported incidents of bites involving Gwinnett County K-9s from 2020 to present.

11. Describe any disciplinary and corrective actions taken regarding previous improper or excessive K-9 attacks.

12. Identify all individuals involved in decisions regarding retaliation alleged by Plaintiff (i.e. withholding K9 and aviation assistance to other agencies).

13. State reasons for discontinuing mutual aid services to Lawrenceville PD and other surrounding agencies after March 9, 2024.

14. Identify all documentation procedures following K-9 use-of-force incidents.

15. Identify all individuals responsible for documentation or reporting K-9 use-of-force incidents.

16. State whether the County maintains insurance coverage relevant to Plaintiff's claims.

17. Identify all K-9 supervisors employed by the Gwinnett County Police Department since 2020.

18. Identify what circumstances are necessary for a K-9 and or K-9 handler to be suspended from active deployments.

19. Identify what circumstances are necessary for a K-9 and or K-9 handler to be removed from the Gwinnett County Police Department's K-9 Unit.

20. Identify the reasons for which Officer Altman's first K-9 was removed from the Unit and replaced with K-9 Mako.

21. Identify who is responsible for enforcing policies and procedures in regards to suspension and or removal of a K-9 or K-9 handler from active deployments or the K-9 Unit.

22. Identify all reports or reviews concerning K-9 Mako's suitability for service.

23. Identify all reports or reviews concerning Officer Altman's suitability for service.

24. Identify all measures taken after Plaintiff's injury to address K-9 training or supervision.

25. Identify all communications within Gwinnett County regarding Plaintiff's incident.

26. List all legal claims or lawsuits made against Defendants regarding K9 bites from 2020 – present.

27. Describe all training provided to officers regarding K-9 handling safety.

28. Identify any internal investigation into Plaintiff's incident.

29. State the name and position of the person(s) authorized to alter mutual-aid protocols for when outside agencies request K9 assistance.

30. Identify all communications made by Plaintiff or his employer at the time Lawrenceville Police Department regarding payment, subrogation, or reimbursement for medical bills Plaintiff incurred as a result of injuries from the subject incident.

This 10th day of July, 2025

THE ROTH FIRM, LLC.

/s/ David A. Hollifield
David A. Hollifield
Attorney for Plaintiff
Georgia Bar No.: 391417

6120 Powers Ferry Road NW
Suite 630
Atlanta, Georgia 30339
(404) 905-9134

E-FILED IN OFFICE - GM
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**7/10/2025 1:21 PM**

TIANA P. GARNER, CLERK

## THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| **vs.** | ) | 25-C-07983-S7 |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

### PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JACOB ALTMAN

COMES NOW, Noah Fowler, Plaintiff and hereby request that Defendant Jacob Altman, answer under oath the following interrogatories, as provided by O.C.G.A. § 9-11-26, and to furnish a copy of the answers to Plaintiff's attorney at 6120 Power's Ferry Rd NW, Suite 630 Atlanta, Georgia 30339.

### NOTES AND DEFINITIONS

**NOTE A**:  These interrogatories refer to an incident that occurred on or about March, 2024, in Lawrenceville, Gwinnett County, Georgia involving Plaintiff being attacked by a K9 (hereinafter "incident" or "subject incident"). which was in the control of Defendant Altman at the time.

**NOTE B**:  These interrogatories shall be deemed continuing so as to require supplemental answers if you or your attorneys obtain further information between the time answers are served and the time of trial pursuant to O.C.G.A. § 9-11-26(3).

**NOTE C**:  When used in these interrogatories, the terms you or any synonym thereof shall

embrace and include all agents, servants, representatives, private investigators and others who are in a position of or may have obtained information for or on behalf of Defendant.

      **NOTE D**:  When used in these interrogatories, the term "witness" shall embrace and include the Plaintiff(s), the Defendant(s), each person having any personal knowledge of the incident, each person who has overheard an alleged admission made by a party, each person consulted by a party to assist that party in the preparation of his case, and each person providing a party with expert opinion and/or technical assistance regarding any aspect of the case.

      **NOTE E**:  When used in these interrogatories, the term "document(s)" or "documentary evidence" shall embrace and include every writing, printing, record, graphic, photographic or sound reproduction of every type and description that is in your client's possession, control or custody and which was prepared during or refers to the relevant time period of the incident and which relates to the incident, excluding those items constituting attorney work product, including but not limited to, statements by witnesses, medical reports, hospital records, repair estimates, correspondence, contracts, memoranda of agreement, assignments, licenses, minutes, memoranda, stenographic or handwritten notes, diaries, notebooks, books of account, orders, invoices, statements, bills, checks (or check stubs or records), vouchers, purchase order, reports, studies, surveys, charges, analyses publications, books, pamphlets, periodicals, catalogs, brochures, schedules, circulars, bulletins, notices, instructions, manuals, journals, data sheets, work sheets, statistical compilations, data processing cards, computer records, tapes and print-outs, photographs, drawings, films, pictures, voice recordings, every copy of same where the original is not in your possession, custody or control, and every copy of same where such copy contains any commentary or notations whatsoever that does not appear on the original.

**INTERROGATORIES**

1.  Describe your full employment history with Gwinnett County Police Department (GCPD).

2.  Detail your training as a K-9 handler.

3.  Identify all incidents where any K-9 in your control bit someone it should not have, including yourself.

4.  List any injuries you have personally sustained as a result of K-9 Mako or your previous K9 biting you, whether in training, re-training, or on deployment.

5.  State exactly how you attempted to control or recall K-9 Mako during the subject incident.

6.  Explain your understanding of how many backup officers are allowed to be on a trail with you while your K-9 is actively tracking a suspect.

7.  Identify all commands given to K-9 Mako immediately prior to Plaintiff's injury.

8.  Identify any prior discipline, retraining, or counseling you have received related to your K-9 handling.

9.  State whether you were aware of any prior incidents involving K-9 Mako making an improper bite.

10. State whether you are responsible for documentation of K-9 Mako's bites, regardless of whether it is a good or bad bite.

11. State whether you have documented all bad bites made by Mako to include bites you have personally sustained in training and deployments.

12. State whether you are aware of any other incidents involving other GCPD K-9s biting unintended victims or using excessive force.

13. List any instructions or warnings you provided to Plaintiff or others at the scene.

14. Identify any written reports or statements you prepared about this incident.

15. List all supervisors you reported to from 2021 to present.

16. Identify any remedial training you received following the incident.

17. Identify your actions immediately after Plaintiff was bitten.

18. Identify anyone who criticized or questioned your handling of K-9 Mako previously.

19. Describe the policies/procedures you were required to follow regarding K-9 deployment.

20. Explain your understanding of why GCPD stopped providing K-9 support to outside agencies after the subject incident.

21. State whether you have ever reported concerns about your ability to control K-9 Mako.

22. State whether you have ever reported concerns about Defendant Doan's ability to supervise the K-9 Unit.

23. Describe what is required of you in maintaining the training of your K-9 to include who you are supposed to train with, where, how, and how often.

24. Describe any training methods that had been implemented within GCPD prior to this incident that sought to insure the Unit's K-9s do not attack people at random.

25. Describe any safety measures you believe would have prevented Plaintiff's injury.

26. Identify any internal reviews or investigations involving you as a handler.

27. Identify all training materials provided to you by Gwinnett County regarding K-9 handling.


Respectfully submitted this 10th day of July, 2025

**THE ROTH FIRM, LLC.**


/s/ David A. Hollifield
David A. Hollifield
Attorney for Plaintiff
Georgia Bar No.: 391417

6120 Powers Ferry Road NW
Suite 630
Atlanta, Georgia 30339
(404) 905-9134

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**7/29/2025 11:24 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOAH FOWLER,

    *Plaintiff,*

    v.

GWINNETT COUNTY, GEORGIA,
JACOB ALTMAN INDIVIDUALLY,
BRIAN DOAN INDIVIDUALLY, and
JOHN DOES 1-3,

    *Defendants.*

Civil Action No. 25-C-07983-S7

---

### AFFIDAVIT OF SERVICE UPON BRIAN DOAN

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

I am over eighteen (18) years old, a citizen of the United States, and not related to the parties herein. Based on my personal knowledge, the statements in this affidavit are true and correct. I am appointed to serve for the State Court of Gwinnett County.

2.

On July 13, 2025, at 7:07 p.m., I served BRIAN DOAN by leaving a copy of a SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT BRIAN DOAN, in the above-styled action, with BRIAN DOAN, personally, residing and served at 1371 Alcovy Station Road, Covington, GA 30014.

Page 1 of 2

3.

BRIAN DOAN is a Caucasian male, approximately 50 years old.

4.

A male was sitting outside when I arrived. I explained that I have a delivery for Brian

Doan. The male confirmed that he is Brian Doan. I explained that I am serving him with legal

paperwork. I handed all the documents referenced in Paragraph 2, above, to Brian Doan.

_____
Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This _14_ day of ____July____ 2025

_____
Notary Public

SYDNEY ELIZABETH GROGAN
Notary Public, Forsyth Co., Georgia
My Commission Expires June 25, 2027

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2024 DEC -5 PM 4: 13

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

**24 C-11119-1**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2026.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this ___5th___ day of ___December___, 20_24_.

_____
Presiding Judge
Gwinnett County State Court

Applicant:
Name    *Christian Seklecki*

Address    *925 B Peachtree St.*
*# 403*
*Atlanta, GA 30309*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

7/29/2025 11:24 AM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOAH FOWLER,

    *Plaintiff,*

    v.

GWINNETT COUNTY, GEORGIA,
JACOB ALTMAN INDIVIDUALLY,
BRIAN DOAN INDIVIDUALLY, and
JOHN DOES 1-3,

    *Defendants.*

Civil Action No. 25-C-07983-S7

---

### AFFIDAVIT OF SERVICE UPON GWINNETT COUNTY, GEORGIA

---

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

I am over eighteen (18) years old, a citizen of the United States, and not related to the parties herein. Based on my personal knowledge, the statements in this affidavit are true and correct. I am appointed to serve for the State Court of Gwinnett County.

2.

On July 16, 2025, at 12:42 p.m., I served GWINNETT COUNTY, GEORGIA by leaving a copy of a SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT GWINNETT COUNTY, GEORGIA, and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT GWINNETT COUNTY GEORGIA, in the

above-styled action, with JULIE MIMS, Legal Manager, who is expressly authorized to accept service on behalf of MICHAEL LUDWICZAK, Gwinnett County Attorney, who is expressly authorized to accept service on behalf of GWINNETT COUNTY, GEORGIA, located and served at 75 Langley Drive, Lawrenceville, Georgia.

3.

JULIE MIMS is a Caucasian female, approximately 45-years-old.

4.

I explained that I need to serve legal paperwork on Gwinnett County through Michael Ludwiczak, the Gwinnett County Attorney. The female, who told me her name is Julie Mims, Legal Manager, stated that she is expressly authorized to accept legal paperwork on Michael's behalf. I handed all the documents referenced in Paragraph 2, above, to Julie Mims.

_____
Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This ___ day of _____ 2025

_____
Notary Public



SYDNEY ELIZABETH GROGAN
Notary Public, Forsyth Co., Georgia
My Commission Expires June 25, 2027

Page 2 of 2



FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2024 DEC -5 PM 4: 13

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:

**24 C-11119-1**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2026.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this __5th__ day of __December__, 20__24__.

_____
Presiding Judge
Gwinnett County State Court

Applicant:
Name    *Christian Seklecki*
Address  *925 B Peachtree St.*
         *# 403*
         *Atlanta, GA 30309*

E-FILED IN OFFICE - KMG
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**7/29/2025 11:24 AM**
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOAH FOWLER,

    *Plaintiff,*

    v.

GWINNETT COUNTY, GEORGIA,
JACOB ALTMAN INDIVIDUALLY,
BRIAN DOAN INDIVIDUALLY, and
JOHN DOES 1-3,

    *Defendants.*

Civil Action No. 25-C-07983-S7

---

### AFFIDAVIT OF SERVICE UPON JACOB ALTMAN

---

Personally, appeared before the undersigned officer duly authorized by law to administer oaths, Christian Seklecki, who, after being duly sworn, deposes and states the following:

1.

I am over eighteen (18) years old, a citizen of the United States, and not related to the parties herein. Based on my personal knowledge, the statements in this affidavit are true and correct. I am appointed to serve for the State Court of Gwinnett County.

2.

On July 13, 2025, at 7:47 p.m., I served JACOB ALTMAN by leaving a copy of a SUMMONS, COMPLAINT FOR DAMAGES, PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANTS, and PLAINTIFF'S FIRST INTERROGATORIES TO DEFENDANT JACOB ALTMAN, in the above-styled action, with JACOB ALTMAN, personally, residing and served at 402 Birchfield Drive, Statham, GA 30666.

Page 1 of 2

3.

JACOB ALTMAN is a Caucasian male, approximately 30 years old.

4.

A female answered the door. I explained that I have a delivery for Jacob Altman. The female went inside to retrieve him. Jacob Altman came to the door and confirmed his identity. I explained that I am serving him with legal paperwork. I handed all the documents referenced in Paragraph 2, above, to Jacob Altman.

_____
Affiant – Christian Seklecki
404-771-3204

Sworn to and subscribed to before me
This __14__ day of ___July___ 2025

_____
Notary Public

SYDNEY ELIZABETH GROGAN
Notary Public, Forsyth Co., Georgia
My Commission Expires June 25, 2027

FILED IN OFFICE
CLERK STATE COURT
GWINNETT COUNTY GA

2024 DEC -5 PM 4: 13

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

IN RE: Permanent Process Servers

Case Number:                                    **24 C-11119-1**

### ORDER OF APPOINTMENT

The application of the undersigned permanent process server having been read and considered, said applicant is hereby appointed permanent process server of this court pursuant to O.C.G.A. § 9-11-4(c), from the date of this order **up to and including January 4, 2026.**

This order allows the applicant to serve as a process server in Gwinnett County State Court matters only, on an annual renewable basis.

SO ORDERED this __5th__ day of ___December___, 20__24__.

_____
Presiding Judge
Gwinnett County State Court

Applicant:
Name       *Christian Seklecki*
Address    *925 B Peachtree St.*
           *# 403*
           *Atlanta, GA 30309*

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**8/13/2025 11:31 AM**

**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | |
| | ) | Civil Action |
| GWINNETT COUNTY, GEORGIA, | ) | File 25-C-07983-S7 |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3. | ) | |
| | ) | |
| Defendants. | ) | |

## NOTICE OF ATTORNEY LEAVE OF ABSENCE

COMES NOW Wesley C. Jackson and respectfully notifies all Judges before whom he has cases pending, all affected Clerks of Court, and all Opposing Counsel, that he will be on leave pursuant to Georgia Uniform Court Rule 16. The periods of leave during which time Applicant will be away from the practice of law are:

- September 22-26, 2025          Family Vacation

- November 21, 2025          Family Vacation

- November 24-26, 2025          Family Vacation

- December 22-24, 2025          Family Vacation

- December 26, 2025          Family Vacation

- December 29-31, 2025          Family Vacation

All affected Judges and Opposing Counsel shall have ten (10) days from the date of this Notice to object to it. If no objections are filed, the leave shall be granted.

Respectfully submitted this 13th day of August, 2025.

**FREEMAN MATHIS & GARY, LLP**


*/s/ Wesley C. Jackson*
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
Debi P. Das
Georgia Bar No. 073304
dpdas@fmglaw.com

*Attorneys for Defendants Jacob Altman and Brian Doan*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this day served the foregoing NOTICE OF ATTORNEY LEAVE OF ABSENCE to the Clerk of Court using *Odyssey* e-filing system and mailed by United States Postal Service, first-class, postage prepaid, a paper copy of the same document to counsel of record who are non-*Odyssey* participants. Counsel of record is:

The Honorable Jaletta L. Smith
75 Langley Drive
Lawrenceville, Georgia 30046

David A. Hollifield
THE ROTH FIRM, LLC
6120 Powers Ferry Road NW
Suite 630
Atlanta, GA 30339

This 13th day of August, 2025.

*/s/ Wesley C. Jackson*
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
*Attorneys for Defendants Jacob Altman and Brian Doan*

FREEMAN, MATHIS & GARY, LLP
100 Galleria Parkway
Suite 1600
Atlanta, GA  30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7
8/13/2025 12:27 PM
TIANA P. GARNER, CLERK

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOAH FOWLER,                    )
                               )
        Plaintiff,             )
                               )        CIVIL ACTION
v.                             )        FILE NO.: 25-C-07983-S7
                               )
GWINNETT COUNTY, GEORGIA;      )
JACOB ALTMAN, Individually; BRIAN )
DOAN, Individually; and JOHN DOES 1-3, )
                               )
        Defendants.            )

## DEFENDANT GWINNETT COUNTY'S MOTION TO DISMISS
## PLAINTIFF'S COMPLAINT FOR DAMAGES AND BRIEF IN SUPPORT THEREOF

COMES NOW Defendant Gwinnett County and, pursuant to O.C.G.A. §§ 9-11-12(b)(1) and 9-11-12(b)(6), hereby moves this Court to dismiss all claims against it on the grounds that this Court lacks subject matter jurisdiction and Plaintiff has failed to state a claim upon which relief can be granted. In support of its motion, Gwinnett County respectfully shows the Court the following:

### INTRODUCTION

Plaintiff, a former officer with the Lawrenceville Police Department, alleges that he was physically injured on March 9, 2024, when he was bitten on the leg by a Gwinnett County Police K-9 that was assisting in the search for a fleeing suspect. (Compl. ¶¶ 8-9, 12, 14.) He further alleges that, after the bite incident, Gwinnett County Police personnel spread "false" rumors that Plaintiff planned to sue Gwinnett County and, in retaliation, withheld mutual aid from the Lawrenceville Police Department. (*Id*. at ¶ 15.) He claims that this withholding of assistance led to his harassment and eventual resignation from the Lawrenceville Police Department. (*Id*.) Plaintiff claims that Gwinnett County was negligent for failing to adequately train and supervise its K-9 handlers, for

1

failing to remove or retrain the K-9 at issue in this case, for failing to enforce policies meant to prevent harm from K-9 deployments, and for inflicting emotional distress and career harm through its alleged retaliatory actions. (*Id.* at ¶ 20-23.) He is seeking compensatory and special damages, as well as litigation expenses and attorney's fees. (*Id.* at ¶ 30.)

As demonstrated below, Plaintiff's suit against Gwinnett County is barred by sovereign immunity. Plaintiff has failed to meet his burden in establishing a waiver of the County's sovereign immunity; thus, this Court lacks subject matter jurisdiction over his claims. Accordingly, this Court must dismiss Plaintiff's claims against Gwinnett County.

## ARGUMENT AND CITATION TO AUTHORITY

### I.    MOTION TO DISMISS STANDARD

Pursuant to O.C.G.A. § 9-11-12(b)(1), a suit brought against a county which is barred by sovereign immunity is subject to dismissal for lacking subject-matter jurisdiction. *Gwinnett County v. Ashby*, 354 Ga. App. 863, 864 (2020).

Additionally, pursuant to O.C.G.A. § 9-11-12(b)(6), a motion to dismiss will be granted where (1) the allegations of the complaint disclose with certainty that the plaintiff would not be entitled to relief under any state of provable facts asserted in support thereof, and (2) the movant establishes that the plaintiff could not possibly introduce evidence within the framework of the statement of claim sufficient to warrant a grant of the relief sought. *See Walker v. Gowen Stores LLC*, 322 Ga. App. 376 (2013).

### II.    SOVEREIGN IMMUNITY BARS PLAINTIFF'S CLAIMS AGAINST GWINNETT COUNTY

Defendant Gwinnett County is entitled to sovereign immunity as to all of Plaintiff's claims. Notably, sovereign immunity is an immunity from suit and not merely a defense to liability. "As provided in Georgia's constitution, sovereign immunity extends to the counties, and a county's

sovereign immunity can only be waived by an Act of the General Assembly which specifically provides that sovereign immunity is thereby waived and the extent of such waiver." *Lundy v. Hancock County*, 368 Ga. App. 772, 774 (2023) (citing *McCobb v. Clayton County*, 309 Ga. App. 217 (2011)).[1] "Whether a county has waived sovereign immunity is a threshold issue and not a mere defense to liability. A waiver of sovereign immunity must be established by the party seeking to benefit from that waiver, and when a litigant fails to bear this burden, the trial court must dismiss the complaint . . . for lack of subject-matter jurisdiction." *Id.* (citing *Ramos v. Owens*, 366 Ga. App. 216, 17-18 (2022)). A plaintiff fails to carry the burden of showing a waiver of sovereign immunity when the plaintiff relies on statutes which do not specify any such waiver or the extent thereof. *Id.* at 775. Importantly, "statutes providing for a waiver of sovereign immunity are in derogation of the common law and thus are to be strictly construed *against* a finding of waiver." *Bd. of Regents of Univ. Sys. Of Ga. v. One Sixty Over Ninety, LLC*, 351 Ga. App. 133, 138 (2019) (emphasis in original).

In this case, Plaintiff cites no statutory provisions or any other authority providing for a waiver of Defendant's sovereign immunity. Instead, Plaintiff simply states that "[b]y virtue of the liability insurance coverage it purchased, Gwinnett County has waived its sovereign immunity for these tort claims[.]" (Compl. ¶ 24.) Plaintiff does not offer any further explanation as to how the purchase of liability insurance waives Defendant's sovereign immunity.[2] Indeed, the Georgia Supreme Court has stated explicitly that "the defense of sovereign immunity to tort liability cannot

---

[1] *See also* O.C.G.A. § 36-1-4 ("A county is not liable to suit for any cause of action unless made so by statute.").

[2] According to Plaintiff, O.C.G.A. § 36-33-1 specifies the extent of the waiver purportedly established by the County's purchase of liability insurance. (Compl. ¶ 18.) But this statute is found within a collection of provisions within Title 36 which are applicable to municipal corporations only. It is simply not applicable to counties. *Athens-Clarke County v. Torres*, 246 Ga. App. 215, 217 (2000) ("O.C.G.A. § 36-33-1 by its terms applies to municipal corporations, not to counties.").

be waived by the mere purchase of insurance coverage." *Woodward v. Laurens County*, 265 Ga. 404, 405 (1995) (citing *Donaldson v. Dept. of Transp.*, 262 Ga. 49, 50 (1992)). "That defense can only be waived pursuant to a legislative act which specifically provides that sovereign immunity is waived and the extent of such waiver." *Id*. Plaintiff has cited no such waiver; thus, he failed to meet his burden.

Moreover, Plaintiff cannot possibly meet his burden as there exists no waiver of a county's sovereign immunity for tort claims such as the ones asserted by Plaintiff here, including those brought under a negligence theory. *See Revels v. Tift County*, 235 Ga. 333 (1975) (affirming the dismissal of plaintiff's complaint of negligence against county, holding that the statute which authorizes county to secure insurance to cover liability for damages on account of bodily injury by reason of the negligent operation of a motor vehicle does not constitute a waiver of sovereign immunity regarding damages caused by county's negligence in other contexts); *Howard v. City of Columbus*, 239 Ga. App. 399 (1999) (affirming entry of summary judgment for county, holding that a county is not liable to suit for any cause of action unless made so by statute, including actions brought under a theory of negligence); *Thompson v. Chapel*, 229 Ga. App. 537, 538 (1997) (holding that sovereign immunity barred negligent supervision claim against county where plaintiff failed to establish waiver); *Kagy v. Gwinnett Cty., Ga.*, No. 1:19-CV-01311-WMR-JFK, 2019 WL 3503542, at *4 (N.D. Ga. June 20, 2019) ("There is no waiver of sovereign immunity for Plaintiff's state law claim [of negligent supervision] against Gwinnett County."), *report and recommendation adopted*, Order dated Aug. 26, 2019, Dkt. Entry 26; *Ivey v. DeKalb Cty., Ga.*, No. 1:13-CV-341-TWT, 2013 WL 5285506, at *2 (N.D. Ga. Sept. 17, 2013) (dismissing negligent hiring, training, and supervision claim against county, as "there is nothing discovery can unearth that would alter the Court's conclusion that sovereign immunity bars the [] state law claims").

Because the General Assembly has not waived a county's sovereign immunity for the claims asserted by Plaintiff in this case and because Plaintiff has failed to identify any statute which waives a county's immunity for such claims, this Court must dismiss Plaintiff's Complaint against Defendant Gwinnett County for lack of subject matter jurisdiction.

## **<u>CONCLUSION</u>**

As demonstrated above, Defendant Gwinnett County is entitled to sovereign immunity for the claims asserted against it by Plaintiff in his Complaint. Consequently, this Court lacks subject matter jurisdiction over those claims. For those reasons, Plaintiff would not be entitled to relief from Gwinnett County under any state of provable facts, and Plaintiff cannot introduce evidence that would warrant a grant of relief from Gwinnett County. Therefore, the Court must dismiss all claims against Gwinnett County.

Respectfully submitted this 13th day of August, 2025.

*/s/ Rachel R. Sinclair*
BRIAN R. DEMPSEY
Deputy County Attorney
Georgia Bar No. 217596
Brian.Dempsey@gwinnettcounty.com
RACHEL R. SINCLAIR
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorneys for Defendant Gwinnett County

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that I have this day electronically filed the foregoing DEFENDANT GWINNETT COUNTY'S MOTION TO DISMISS PLAINTIFF'S COMPLAINT FOR DAMAGES AND BRIEF IN SUPPORT THEREOF using the Odyssey eFile system, which will serve the following attorneys of record via e-mail notification:

David A. Hollifield
The Roth Firm, LLC.
6120 Powers Ferry Road NW
Suite 630
Atlanta, Georgia 30339
david@painpros.com

This 13th day of August, 2025.

/s/ *Rachel R. Sinclair*
RACHEL R. SINCLAIR
Senior Assistant County Attorney
Georgia Bar No. 620586
Rachel.Sinclair@gwinnettcounty.com

Attorney for Defendant Gwinnett County

Gwinnett County Department of Law
75 Langley Drive
Lawrenceville, Georgia 30046-6935
(770) 822-8700

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

25-C-07983-S7
8/18/2025 11:23 PM
TIANA P. GARNER, CLERK

## THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

NOAH FOWLER,                          )
                                      )    CIVIL ACTION
      PLAINTIFF,                )    FILE NO.
                                      )
**vs.**                               )
                                      )
GWINNETT COUNTY, GEORGIA,             )    12 PERSON JURY TRIAL DEMANDED
JACOB ALTMAN INDIVIDUALLY,            )
BRIAN DOAN INDIVIDUALLY, and          )
JOHN DOES 1-3,                        )
                                      )
      DEFENDANTS.               )

### PLAINTIFF'S RESPONSE TO DEFENDANT GWINNETT COUNTY'S

### MOTION TO DISMISS

COMES NOW Plaintiff Noah Fowler, and responds to Defendant Gwinnett County, Georgia's Motion to Dismiss as follows:

### I. INTRODUCTION

Defendant Gwinnett County moves to dismiss Plaintiff's original complaint on grounds of sovereign immunity. That motion is now moot. Plaintiff's Amended Complaint, filed August 18, 2025, expressly removes all state-law tort claims against Gwinnett County and instead asserts federal claims under 42 U.S.C. § 1983. The County's motion does not address these new federal claims and therefore fails.

### II. SOVEREIGN IMMUNITY DOES NOT BAR FEDERAL CLAIMS

The County's motion relies exclusively on sovereign immunity under Georgia law. But sovereign immunity does not apply to claims brought under 42 U.S.C. § 1983. The Supreme Court has long held that counties and municipalities are "persons" subject to suit under § 1983. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690–91 (1978). See also *Howlett v. Rose*, 496 U.S. 356, 376–

77 (1990) (state sovereign immunity doctrines do not bar § 1983 suits in state courts). Thus, Gwinnett County cannot claim immunity from Plaintiff's federal claims.

### III. PLAINTIFF STATES VALID CLAIMS AGAINST THE COUNTY

**A. Monell Liability (Count VII).**

The Amended Complaint pleads detailed facts showing Gwinnett County's policies and customs of tolerating dangerous K-9 practices, failing to train and supervise handlers, concealing prior bite incidents, and ignoring mandatory reporting. These practices directly caused the unconstitutional use of excessive force against Plaintiff. Such allegations are sufficient under *Monell* and its progeny.

**B. First Amendment Retaliation (Count VIII).**

Plaintiff engaged in protected speech by raising concerns about officer safety and medical treatment. Gwinnett County personnel retaliated by spreading false rumors, withholding mutual-aid services, and undermining Plaintiff's career, ultimately forcing his resignation. These allegations state a claim for unconstitutional retaliation under established precedent. See *Bennett v. Hendrix*, 423 F.3d 1247, 1254–55 (11th Cir. 2005).

### IV. CONCLUSION

Because Plaintiff has amended to remove state-law claims against Gwinnett County, the County's sovereign immunity arguments are moot. Plaintiff's federal claims under 42 U.S.C. § 1983 are not barred by sovereign immunity and are adequately pleaded. The Motion to Dismiss should therefore be **DENIED**.

Respectfully submitted this 18ᵗʰ day of August, 2025.

**THE ROTH FIRM, LLC.**


6120 Powers Ferry Road NW        <u>/s/ ***David A. Hollifield***</u>
Suite 630        David Hollifield
Atlanta, Georgia 30339        Attorney for Plaintiff
(404) 905-9134        Georgia Bar No.: 391417
<u>dhollifield@rothlawyer.com</u>

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**
**8/18/2025 11:23 PM**
TIANA P. GARNER, CLERK

## THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| NOAH FOWLER, | ) | |
| | ) | CIVIL ACTION |
| PLAINTIFF, | ) | FILE NO. |
| | ) | |
| **vs.** | ) | |
| | ) | |
| GWINNETT COUNTY, GEORGIA, | ) | 12 PERSON JURY TRIAL DEMANDED |
| JACOB ALTMAN INDIVIDUALLY, | ) | |
| BRIAN DOAN INDIVIDUALLY, and | ) | |
| JOHN DOES 1-3, | ) | |
| | | |
| DEFENDANTS. | | |

### PLAINTIFF'S AMENDED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Noah Fowler, by and through his counsel, David A. Hollifield, and hereby files his AMENDED COMPLAINT, removing Georgia state law claims against Defendant Gwinnett County, Georgia and adding Federal claims against all Defendants as follow:

### I. JURISDICTION & VENUE

1. This Court has subject-matter jurisdiction over Plaintiff's state-law claims pursuant to O.C.G.A. § 15-7-4.

2. The Court, as a court of general jurisdiction, has concurrent jurisdiction over Plaintiff's claims arising under 42 U.S.C. § 1983.

3. Venue and jurisdiction in Gwinnett County are proper.

### II. PARTIES

4. Plaintiff is a resident citizen of Gwinnett County, Georgia, and was at all material times an on-duty sworn police officer employed by the Lawrenceville Police Department.

5. Defendant Gwinnett County is a political subdivision of the State of Georgia and operates the Gwinnett County Police Department. It may be served through its Chairwoman of the Board of Commissioners, Nicole Love Hendrickson, at 75 Langley Drive, Lawrenceville, Georgia 30046.

6. Defendant Jacob Altman is sued in his individual capacity, is a resident of Barrow County, Georgia, and may be served at 402 Birchfield Dr., Statham, Georgia 30666.

7. Defendant Brian Doan is sued in his individual capacity, is a resident of Walton County, Georgia, and may be served at 1371 Alcovy Station Rd., Covington, Georgia 30014.

8. John Does 1–3 are individuals whose identities are unknown despite diligent inquiry. Plaintiff will substitute their names upon discovery.

### III. FACTUAL ALLEGATIONS

9. On March 9, 2024, Plaintiff was patrolling in Lawrenceville, Gwinnett County, Georgia, when he attempted a roadside stop of a suspect. The suspect abandoned his bicycle, vaulted down an embankment beneath a railroad bridge, and fled on foot.

10. Plaintiff requested assistance from the Gwinnett County Police Department K-9 Unit. Defendant Altman and his K-9 "Mako" took lead on tracking the suspect.

11. Upon arrival, K-9 team supervisor Defendant Doan made a statement to Plaintiff suggesting that Defendant Doan was aware of K-9 Mako's vicious propensity to attack unprovoked innocent bystanders.

12. After a futile track, contaminated by at least five other officers, K-9 Mako ran past its handler, Defendant Altman, displayed obvious aggression, and attacked Plaintiff.

13. K-9 Mako latched its teeth into Plaintiff's thigh, dragging Plaintiff to the ground while Plaintiff screamed in pain.

14. Defendant Altman failed to maintain positive control over K-9 Mako and failed to recall or restrain K-9 Mako in a timely manner.

15. Defendant Doan, despite watching the attack occur and hearing Plaintiff's screams in agony, made no attempt to intervene, to stop the attack, or to check on Plaintiff.

16. The bites from K-9 Mako penetrated Plaintiff's duty uniform pants and flesh, requiring emergent medical treatment at a hospital. Plaintiff incurred medical bills, permanent scarring, pain, and emotional distress.

17. Gwinnett County Police personnel thereafter spread false rumors that Plaintiff intended to "sue the County" and, in retaliation, Gwinnett withheld K-9 and aviation mutual-aid services from the Lawrenceville Police Department and other outside agencies, undermining Plaintiff's career. Facing escalating harassment and retaliation, Plaintiff resigned his law-enforcement position with the Lawrenceville Police Department.

18. Defendant Doan and other K-9 supervisors knew, or in the exercise of ordinary care should have known, that K-9 Mako (and other unit dogs) had a known or documented history of bad bites on non-combatants and non-suspects, but they nevertheless retained the dog in service without adequate retraining, safeguards, or handler remediation.

19. Plaintiff was faultless with respect to both the K-9 attack and the retaliatory acts; all injuries and damages were proximately caused by Defendants' negligence and willful misconduct.

## IV. CAUSES OF ACTION

### COUNT I — NEGLIGENCE OF DEFENDANT ALTMAN UNDER STATE LAW

20. Plaintiff realleges paragraphs 1 through 19 as if fully restated herein.

21. As K-9 Mako's handler, Defendant Altman owed Plaintiff a duty of ordinary care to not deploy K-9 Mako knowing that Mako had a propensity to bite innocent bystanders. Defendant also owed a duty to maintain positive control of the dog, to prevent foreseeable harm, and to comply with Gwinnett County Police Department K-9 Unit ministerial policies, procedures, and accepted training standards.

22. Defendant Altman breached these duties by deploying K-9 Mako despite knowledge of its vicious propensity, by failing to maintain positive control, and by failing to recall or restrain K-9 Mako, thereby allowing the dog to attack a fellow officer without justification.

23. Defendant Altman's negligence directly and proximately caused Plaintiff's physical injuries, pain and suffering, medical expenses, lost wages, permanent scarring, and other damages.

### COUNT II — NEGLIGENT SUPERVISION, TRAINING, AND RETENTION AGAINST DEFENDANT DOAN AND JOHN DOES 1–3 UNDER STATE LAW

24. Plaintiff realleges paragraphs 1 through 23.

25. Defendant Doan, as K-9 Unit supervisor, and John Does 1–3, in supervisory roles within the Gwinnett County Police Department, owed duties to supervise, train, retrain, and remove dangerous dogs and incompetent handlers in compliance with mandatory ministerial duties.

26. Defendants knew or should have known of prior wrongful bites by K-9 Mako and of Defendant Altman's repeated failures to comply with directives and training requirements yet

failed to act.

27. These Defendants negligently failed to enforce departmental policies, failed to ensure accurate documentation of use-of-force incidents, and displayed conscious indifference to the safety of officers and the public.

28. Their negligent supervision and retention were a proximate cause of Plaintiff's injuries and damages.

**COUNT III — STRICT LIABILITY FOR VICIOUS ANIMAL UNDER O.C.G.A. § 51-2-7 AGAINST DEFENDANTS ALTMAN AND DOAN**

29. Plaintiff realleges paragraphs 1 through 28.

30. Defendants Altman and Doan, as handler and supervisor of K-9 Mako, had custody of a vicious or dangerous animal within the meaning of O.C.G.A. § 51-2-7.

31. Defendants knew or should have known of K-9 Mako's vicious propensity, as evidenced by prior unprovoked bites and attacks, yet carelessly deployed and managed the animal.

32. Plaintiff did not provoke K-9 Mako and was lawfully present and faultless when attacked.

33. Defendants' careless management directly and proximately caused Plaintiff's physical injuries, medical expenses, pain and suffering, permanent disfigurement, and emotional distress.

**COUNT IV — INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS UNDER STATE LAW AGAINST DEFENDANTS ALTMAN, DOAN, AND JOHN DOES 1–3**

34. Plaintiff realleges paragraphs 1 through 33.

35. Defendants' conduct in deploying, supervising, and retaining a known vicious K-9, allowing an unprovoked attack on Plaintiff, and engaging in retaliatory conduct was intentional or reckless, extreme, and outrageous.

36. This conduct directly and proximately caused Plaintiff severe emotional distress, including mental anguish, career harm, and forced resignation, exacerbated by physical injuries and permanent scarring.

## COUNT V — 42 U.S.C. § 1983 – UNLAWFUL SEIZURE AND EXCESSIVE FORCE

37. Plaintiff realleges paragraphs 1 through 36 as if fully restated herein.

38. Defendant Altman intentionally deployed and/or allowed K-9 Mako to operate without adequate control during a law enforcement operation, and K-9 Mako bit and restrained Plaintiff.

39. The bite and restraint constituted an unreasonable seizure of Plaintiff within the meaning of the Fourth Amendment.

40. Plaintiff was not a suspect, was not resisting, fleeing, or posing any threat, and did not provoke K-9 Mako.

41. Defendant Altman failed to maintain positive control of K-9 Mako, failed to recall or restrain the dog in a timely manner, and allowed an unprovoked attack to occur despite Plaintiff's obvious lack of threat.

42. At all relevant times, Defendant Altman acted under color of state law.

43. In the alternative, if the events are not deemed a Fourth Amendment seizure, Defendant Altman's conduct nonetheless violated Plaintiff's Fourteenth Amendment substantive due

process rights to be protected from excessive force - because deploying and continuing to use a dog with known dangerous propensities, and failing to control or promptly terminate an unprovoked attack on a non-suspect officer, was conscience-shocking and demonstrated deliberate indifference to Plaintiff's bodily integrity.

44. As a direct and proximate result of Defendant Altman's conduct, Plaintiff suffered physical injuries, permanent scarring, pain and suffering, emotional distress, lost income, and career harm.

## COUNT VI — 42 U.S.C. § 1983 – FAILURE TO INTERVENE BY DEFENDANT DOAN

45. Plaintiff realleges paragraphs 1 through 44 as if fully restated herein.

46. During the March 9, 2024 incident, Defendant Doan was present on scene, approximately 10–20 yards from Plaintiff, heard Plaintiff's screams, observed or became aware that K-9 Mako was biting and restraining Plaintiff, and had the ability, opportunity, and means to intervene to stop the use of force.

47. Despite this ability and opportunity, Defendant Doan failed to take reasonable steps to intervene or to assist in promptly stopping the attack.

48. Defendant Doan's failure to intervene permitted the continued application of unreasonable force and the continued seizure of Plaintiff in violation of the Fourth Amendment.

49. At all relevant times, Defendant Doan acted under color of state law.

50. In the alternative, if the attack is not deemed a Fourth Amendment seizure, Defendant Doan's failure to intervene in the ongoing attack on a non-suspect officer was conscience-shocking and demonstrated deliberate indifference to Plaintiff's bodily integrity in violation of the

Fourteenth Amendment.

51. As a direct and proximate result of Defendant Doan's failure to intervene, Plaintiff suffered physical injuries, permanent scarring, pain and suffering, emotional distress, lost income, and career harm.

## COUNT VII — 42 U.S.C. § 1983 – MONELL LIABILITY OF GWINNETT COUNTY AND DOAN

52. Plaintiff realleges paragraphs 1 through 51 as if fully restated herein.

53. Gwinnett County, through its Police Department and K-9 Unit, maintained policies, customs, or practices of deploying K-9s known to pose hazards to non-suspects and bystanders without adequate safeguards, training, retraining, or control measures, and of failing to promptly terminate unwarranted bites.

54. Gwinnett County failed to adequately train, supervise, discipline, or retrain K-9 handlers regarding command control, recall, warnings, and bite termination, despite actual or constructive notice of repeated violations and prior attacks, amounting to deliberate indifference to the risk of unconstitutional uses of force.

55. On information and belief, Gwinnett County failed to timely or accurately document the March 9, 2024 attack on Plaintiff as a "use of force" incident and did not create or maintain accurate training or remedial records related to K-9 Mako, concealing or minimizing misconduct until after Plaintiff's open-records requests.

56. On information and belief, K-9 Mako previously bit a non-suspect and also attacked its handler on at least one occasion; neither incident was documented in the County's disclosed use-of-force records, evidencing a policy or practice of concealing or failing to record

dangerous K-9 conduct.

57. Defendant Doan's warning to Plaintiff that Mako would attack him prior to the search and subsequent indifference and lack of reaction while watching a fellow police officer being mauled, as capture on video, further evidence Gwinnett County Police Department and its K9 Unit leadership tolerated and expected unprovoked K9 attacks on non-suspects. These policies and practices were the moving force behind the violations of Plaintiff's constitutional rights resulting in injuries.

58. At all relevant times, Gwinnett County acted under color of state law through its officers, employees, and policymakers.

## COUNT VIII — 42 U.S.C. § 1983 – RETALIATION FOR PROTECTED FIRST AMENDMENT SPEECH

59. Plaintiff realleges paragraphs 1 through 58.

60. Plaintiff engaged in protected speech when he raised concerns regarding the K-9 attack, officer safety, and the handling of his medical bills.

61. In retaliation, Gwinnett County Police personnel, including supervisors, engaged in adverse employment-related actions, including spreading false rumors and withholding mutual aid services to other agencies, thereby harming Plaintiff's career and forcing his resignation.

62. These retaliatory acts were taken under color of state law and proximately caused Plaintiff's damages.

## VI. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

(a) Enter judgment in Plaintiff's favor on all Counts;

(b) Award compensatory and special damages in an amount to be determined by a jury;

(c) Award pre- and post-judgment interest as allowed by law;

(d) Award costs of suit and attorneys' fees under O.C.G.A. § 13-6-11;

(e) Award punitive damages against the individual defendants in their individual capacities as permitted by federal law;

(f) Award reasonable attorneys' fees and costs under 42 U.S.C. § 1988;

(g) Grant such further relief as the Court deems just and proper;

(h) That all issues be tried before a jury.


Respectfully submitted this 18th day of August, 2025.

**THE ROTH FIRM, LLC.**

/s/ ***David A. Hollifield***

6120 Powers Ferry Road NW            David Hollifield
Suite 630                                           Attorney for Plaintiff
Atlanta, Georgia 30339                   Georgia Bar No.: 391417
(404) 905-9134

E-FILED IN OFFICE - NN
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**25-C-07983-S7**

**8/27/2025 6:03 PM**

TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| NOAH FOWLER, | ) |
| | ) |
| Plaintiff | ) |
| | ) |
| vs. | ) |
| | ) Civil Action |
| GWINNETT COUNTY, GEORGIA, | ) File 25-C-07983-S7 |
| JACOB ALTMAN INDIVIDUALLY, | ) |
| BRIAN DOAN INDIVIDUALLY, and | ) |
| JOHN DOES 1-3. | ) |
| | ) |
| Defendants. | ) |

**RULE 5.2 CERTIFICATE OF SERVICE OF DISCOVERY MATERIALS**

I hereby certify that I have this date served **Defendant Jacob Altman's Responses and Objections to Plaintiff's First Request for Admissions** and **Defendant Brian Doan's Responses and Objections to Plaintiff's First Request for Admissions** via statutory electronic service upon counsel of record as follows:

David A. Hollifield
THE ROTH FIRM, LLC
6120 Powers Ferry Road NW
Suite 630
Atlanta, GA 30339
dhollifield@rothlawyer.com

*Attorney for Plaintiff*

Brian Dempsey
Rachel Sinclair
Law Department
Gwinnett County Government
75 Langley Drive, Lawrenceville, GA 30046
Brian.dempsey@gwinnettcounty.com
Rachel.sinclair@gwinnettcounty.com

*Attorneys for Defendant Gwinnett County*

[*Date and signature follow on next page.*]

This 27th day of August, 2025.

**FREEMAN MATHIS & GARY, LLP**

*/s/ Wesley C. Jackson*
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
Debi P. Das
Georgia Bar No. 073304
Debi.das@fmglaw.com

*Attorneys for Defendants Altman and Doan*

100 Galleria Parkway
Suite 1600
Atlanta, Georgia  30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that I have this date filed this **Rule 5.2 Certificate of Service of Discovery Materials** via the Court's *Odyssey* e-filing system which will send electronic notification of such filing to counsel of record.

David A. Hollifield
THE ROTH FIRM, LLC
6120 Powers Ferry Road NW
Suite 630
Atlanta, GA 30339
dhollifield@rothlawyer.com
*Attorney for Plaintiff*

Brian Dempsey
Rachel Sinclair
Law Department
Gwinnett County Government
75 Langley Drive, Lawrenceville, GA 30046
Brian.dempsey@gwinnettcounty.com
Rachel.sinclair@gwinnettcounty.com
*Attorneys for Defendant Gwinnett County*

This 27th day of August, 2025.

/s/ Wesley C. Jackson
Wesley C. Jackson
Georgia Bar No. 336891
wjackson@fmglaw.com
Debi P. Das
Georgia Bar No. 073304
Debi.das@fmglaw.com

*Attorneys for Defendants Jacob Altman and Brian Doan*

**FREEMAN MATHIS & GARY, LLP**
100 Galleria Parkway
Suite 1600
Atlanta, Georgia 30339-5948
(770) 818-0000 (telephone)
(833) 330-3669 (facsimile)